IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

NICHOLE L. WAGGENER,

                Plaintiff,                              Civil No. 3:11-6108-PK

      v.                                      **FINDINGS AND**
                                                        **RECOMMENDATION**

MICHAEL J. ASTRUE,

                Defendant.

PAPAK, Magistrate Judge:

Plaintiff Nichole Waggener ("Waggener") seeks judicial review of the Social Security Commissioner's final decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). This court has jurisdiction under 42 U.S.C. § 405(g). For the reasons that follow, the Commissioner's decision should be affirmed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Born in 1982 (Tr. 113[1]), Waggener completed a general equivalency development test ("GED"). Tr. 134. She initially alleged disability since September 30, 2006 (Tr. 113), due to ulcerative colitis, bowel paralysis, and amenia. Tr. 129. The Commissioner denied Waggener's applications initially and upon reconsideration (Tr. 60-83), and an Administrative Law Judge ("ALJ") held a hearing on December 2, 2009. Tr. 36-59. The ALJ found Waggener not disabled on December 23, 2009. Tr. 22-30. The Appeals Council accepted additional evidence into the record, but denied review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. This appeal followed.

## DISABILITY ANALYSIS

The Commissioner engages in a sequential process encompassing between one and five steps in determining disability under the meaning of the Act. 20 C.F.R. §§ 404.1520; 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At step one, the ALJ determines if the claimant is performing substantial gainful activity. If she is, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). At step two, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. If the claimant does not have such a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1509; 404.1520(a)(4)(ii); 416.909; 416.920(a)(4)(ii).

---

[1]Citations "Tr." refer to indicated pages in the official transcript of the administrative record filed with the Commissioner's Answer June 27, 2011 (Docket #12).

At step three, the ALJ determines whether the severe impairment meets or equals a "listed" impairment in the regulations. If the impairment is determined to equal a listed impairment, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii).

If adjudication proceeds beyond step three the ALJ must first evaluate medical and other relevant evidence in assessing the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of work-related activities the claimant may still perform on a regular and continuing basis, despite limitations imposed by his impairments. 20 C.F.R. §§ 404.1520(e); 416.920(e); Social Security Ruling ("SSR") 96-8p.

The ALJ uses this information to determine if the claimant can perform his past relevant work at step four. If the claimant can perform his past relevant work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the ALJ finds that the claimant's RFC precludes performance of his past relevant work the ALJ proceeds to step five.

At step five the Commissioner must determine if the claimant is capable of performing work existing in the national economy. If the claimant cannot perform such work, he is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 404.1520(a)(4)(v); 416.920(a)(4)(v); 416.920(f); *Yuckert*, 482 U.S. at 142; *Tackett*, 180 F.3d at 1099.

The initial burden of establishing disability rests upon the claimant. *Yuckert*, 482 U.S. 137, 146 n5; *Tackett*, 180 F.3d at 1098. If the sequential disability analysis reaches the fifth step, the burden shifts to the Commissioner to show that "the claimant can perform some other work that exists in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d. at 1100. If the Commissioner meets this burden the claimant is not disabled. 20 C.F.R. §§ 404.1520(g); 416.920(g); *Tackett*, 180 F.3d at

1099.

## THE ALJ'S FINDINGS

The ALJ found Waggener's ulcerative colitis severe at step two in the sequential proceedings (Tr. 24), that this impairment did not meet a listed disorder at step three, and that Waggener retained the RFC to perform light work with occasional stooping and crouching. Tr. 26. The ALJ subsequently found that Waggener could perform her past relevant work as a customer service representative at step four (Tr. 29), and therefore found Waggener not disabled. Tr. 29-30.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of the Soc. Sec. Admin*, 554 F.3d 1219, 1222 (9th Cir. 2009) "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." *Bray*, 554 F.3d at 1222 (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

This court must weigh the evidence that supports and detracts from the ALJ's conclusion. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. *Id.* (citing *Robbins v. Social Security Administration*, 466 F.3d 880, 882 (9th Cir. 2006)), *see also Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. *Bray*, 554 F.3d at 1225-26 (citing *SEC v.*

*Chenery Corp.*, 332 US 194, 196 (1947)); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Waggener challenges the ALJ's findings pertaining to (1) her credibility; (2) the opinion of a treating physician; (3) the lay witness testimony; and (4) performance of her past relevant work, and also asserts that the ALJ should have found her disabled.

## I.    Credibility

Waggener asserts that the ALJ erroneously rejected her symptom testimony.

### A.    Standards: Credibility

The ALJ must consider all symptoms and pain which "can be reasonably accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. §§ 404.1529(a); 416.929(a). Once a claimant shows an underlying impairment which may "reasonably be expected to produce pain or other symptoms alleged," absent a finding of malingering, the ALJ must provide "clear and convincing" reasons for finding a claimant not credible. *Lingenfelter,* 504 F.3d at 1036, *citing Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996)). The ALJ's credibility findings must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995), *citing Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (*en banc*). The ALJ may consider objective medical evidence and the claimant's treatment history, as well as the claimant's daily activities, work record, and observations of physicians and third parties with personal knowledge of the claimant's functional limitations. *Smolen*, 80 F.3d at 1284. The ALJ may additionally employ ordinary techniques of credibility evaluation, such as weighing inconsistent statements regarding

symptoms by the claimant. *Id.* The ALJ may not, however, make a negative credibility finding "solely because" the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence." *Robbins*, 466 F.3d at 883.

### B.     Analysis

The ALJ found Waggener's allegation of abdominal pain associated with her ulcerative colitis "generally credible" (Tr. 26), but found her statements regarding the intensity, persistence, and limiting effect of her symptoms "generally not credible." Tr. 27. The ALJ supported this finding with discussion of Waggener's medical record and inconsistent statements about her symptoms. Tr. 27-28.

Waggener asserts that the ALJ inaccurately cited the medical record regarding her ulcerative colitis exacerbations, pain medication, and reports of symptoms. Pl.'s Opening Br. 11-15. The Commissioner responds that the ALJ properly based her findings upon the medical record, and that the ALJ's credibility analysis appropriately cited Waggener's inconsistent statements. Def.'s Br. 8-12.

Additionally, in a footnote, the Commissioner states, "There a few, limited portions of the ALJ's credibility analysis that the Commissioner does not rely upon in this brief, specifically the length of Plaintiff's flares, Plaintiff's weight, and the number of Plaintiff's hospitalizations." Def.'s Br. 7 n1. The Commissioner asserts that these errors are harmless because the ALJ's remaining credibility determination bay be affirmed. *Id.* Waggener responds that the Defendant thus conceded these errors. Pl.'s Reply Br. 2. The matter is inconsequential to the present review for the reasons that follow.

### 1.    Medical Record and Inconsistent Symptom Reports

The ALJ first stated that Waggener's last documented ulcerative colitis exacerbation was in January 2006, and found this inconsistent with Waggener's hearing testimony that she has unpredictable and severe pain daily. Tr. 27. The ALJ may reject a claimant's testimony that is contradicted by observations of treating and examining physicians, *Smolen*, 80 F.3d at 1284, and may cite the medical record in conjunction with other credibility factors. *Robbins*, 466 F.3d at 883.

The record shows that Waggener was hospitalized for an ulcerative colitis exacerbation in January 2006. Tr. 251. She was not hospitalized again after this time. In February 2007, Waggener requested a note from C. Keith Colfas, M.D. directing that she be allowed ten days leave from work. Tr. 287. Dr. Colfas stated this was not medically necessary. *Id.* On March 6, 2007, Dr. Colfas noted Waggener's report that she was "doing fine." Tr. 285. Chart notes produced by treating physician Esteban Miller, M.D., in February and May 2007 noted Waggener's complaints of insomnia, an itchy scalp, and abdominal pain while performing pedicures, but did not otherwise discuss ulcerative colitis. Tr. 299-300. The ALJ's finding that the record did not show ulcerative colitis exacerbations after January 2006 is therefore supported by the record.

The ALJ also found the medical evidence did not corroborate the intensity of Waggener's reported symptoms. Tr. 27. The ALJ concurrently cited large portions of the medical record by exhibit number only, without further explanation. *Id.* The ALJ's statement with a string citation alone is insufficient; once a claimant establishes a severe impairment, the ALJ may not require that the claimant produce medical evidence corroborating the intensity of her pain or symptoms. *Bunnell*, 947 F.3d 346.

However, the ALJ also discussed Waggener's testimony that she experienced ulcerative

colitis flares once per year, and found this testimony directly contradicted by Waggener's reports to her physicians. Tr. 27. The ALJ continued:

> She acknowledged that she does not give her treating physician an accurate report of her symptoms. It is highly unlikely that the presence of bloody diarrhea would go unremarked upon by an individual who felt she had a severe condition requiring treatment. Ms. Waggener's testimony that she intentionally fails to provide her treating physician with an accurate report of her symptoms, such as diarrhea or the presence of blood in her stool "everyday," seriously undermines her credibility. At hearing, she did not provide a reason as to why she intentionally withholds information from her treating physician while she simultaneously seeks pain medication from him. Tr. 27.

The record shows that Waggener testified at her hearing before the ALJ that she experiences daily bloody diarrhea, and does not tell her doctor of this because "I don't like to talk about it." Tr. 47.

The ALJ may base his credibility analysis upon "ordinary techniques of credibility evaluation," and a claimant's inconsistent symptom reporting. *Smolen*, 80 F.3d at 1284. Here, the ALJ directly cited Waggener's inconsistent reporting and medical record, and inferred that Waggener's alleged failure to be candid with medical providers supported a finding that her symptom reporting was not credible. These factors are appropriate in a credibility finding. *Id.* While Waggener now contends that she simply did not report her symptoms, Pl.'s Opening Br. 12, this court must affirm an ALJ's conclusions if reasonably drawn from the record. *Batson v. Comm'r Soc. Sec.*, 359 F.3d 1190, 1193 (9th Cir. 2004). The ALJ's findings pertaining to Waggener's inconsistent symptom reporting are corroborated by the record and based upon appropriate legal standards.

### 2.    Narcotic Pain Medication

Waggener additionally argues that the ALJ "disregarded evidence in the record documenting

long-term use of narcotic pain medications," and "suggests that this treatment is unnecessary." Pl.'s Opening Br. 11. The Commissioner does not address this argument.

The ALJ acknowledged that Waggener sought and used narcotic pain medication, and found it inconsistent with Waggener's failure to report her symptoms to her treating physician. Tr. 27. Here the ALJ neither disregarded Waggener's pain medication use, nor made a finding that it was unnecessary. As discussed, the ALJ's credibility finding may be based upon "ordinary techniques" of credibility evaluation, including inconsistent statements, *Smolen*, 80 F.3d at 1284, and this court must affirm "inferences reasonably drawn from the record." *Batson*, 359 F.3d at 1193. The ALJ's finding that Waggener's requests for pain medication were inconsistent with testimony that she did not report symptoms to physicians is therefore based upon the proper legal standards. While an ALJ may consider the side effect of a claimant's medication use in his credibility analysis, Social Security Ruling 96-7p at *3 (available at 1996 WL 374186), Waggener does not make this argument. She presently fails to show that the ALJ improperly addressed her pain medication use.

In summary, the ALJ provided adequate reasons for rejecting Waggener's symptom testimony. While the Commissioner concedes that the ALJ erred regarding Waggener's hospitalizations, the length of her exacerbations, and her weight, Def.'s Br. 7 n1, the ALJ's remaining reasoning is based upon the record and proper legal standards. The reviewing court may find error harmless when the ALJ's decision remains legally valid, *Carmickle v. Comm'r*, 533 F.3d 1155, 1162 (9th Cir. 2008), and may affirm the ALJ's overall credibility determination even when declining to affirm some elements of it. *Batson*, 359 F.3d at 1197. The ALJ's credibility determination is therefore sufficient.

///

## II. Medical Source Statements

Waggener challenges the ALJ's analysis pertaining to two opinion letters submitted by treating physician Esteban Miller, M.D. Pl.'s Opening Br. 15-17.

### A. Standards

Disability opinions are reserved for the Commissioner. 20 C.F.R. §§ 404.1527(e)(1); 416.927(e)(1). If no conflict arises between medical source opinions, the ALJ generally must accord greater weight to the opinion of a treating physician than that of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). In such circumstances the ALJ should also give greater weight to the opinion of an examining physician over that of a reviewing physician. *Id.* But, if two medical source opinions conflict, an ALJ need only give "specific and legitimate reasons" for discrediting one opinion in favor of another. *Id.* at 830. The ALJ may reject physician opinions that are "brief, conclusory, and inadequately supported by clinical findings." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

### B. Treating Physician Dr. Miller

Dr. Miller submitted three letters to the record. Tr. 332, 334, 353. On August 29, 2008, Dr. Miller wrote that he manages Waggener's care, and that Waggener "has flares that cause her not to be able to work. She works as she is able but is not able to work every working day. This leads to her disability." Tr. 332. On February 27, 2009, Dr. Miller wrote that Waggener "has told me that she lives with daily diarrhea and abdominal pain for which I prescribe pain medication." Tr. 334. Dr. Miller then stated that Waggener was hospitalized in the past, but now treats ulcerative colitis flares at home, and concluded that the associated abdominal pain and diarrhea "would not allow her

to work during flares." Tr. 334.  On March 3, 2010, Dr. Miller wrote a third letter describing

Waggener's treatment history and again stated that "Ms. Waggener has told me she lives with daily

diarrhea," and self-treats ulcerative colitis exacerbations.  Tr. 353.  Dr. Miller concluded that

Waggener's "disease course causes frequent enough flares that she has not been able to work a full

time job and needs intermittent absences.  It is my opinion that she should not be penalized for not

seeking medical care at every symptom flare." Tr. 353.

The ALJ discussed Dr. Miller's opinion letters. Tr. 28.  Regarding the August 2008 opinion,

the ALJ issued a footnote reading:

> The conclusion that Ms. Waggener is disabled (or unable to work) is
> an opinion on the ultimate issue and is reserved to the Social Security
> Commissioner, as well as being outside the medical realm (20 C.F.R.
> § 416.927(e)).  I do not take into consideration portions of any
> statements or opinions of record, including that of Dr. Miller, that
> conclude that Ms. Waggener is "disabled" or "unable to work." *Id.*

Waggener does not challenge or address this reasoning.

Instead, Waggener asserts that Dr. Miller's opinion is consistent with Dr. Miller's own

treatment notes. Pl.'s Opening Br. 16-17. The ALJ's assessment of Dr. Miller's opinion did not find

it inconsistent with her treatment notes. Tr. 28.  This assertion of error is therefore unfounded.

The ALJ subsequently rejected Dr. Miller's February 27, 2009, opinion because it was based

upon Waggener's reports to Dr. Miller. Tr. 28.  Waggener argues that the ALJ "only made a brief

mention of a possibility that Dr. Miller's letters might not be based on his objective opinion," and

that this therefore does not constitute a clear and convincing reason rejecting Dr. Miller's letter. Pl.'s

Opening Br. 16.  The ALJ may reject a physician opinion predicated upon reports of a claimant

properly found not credible. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).  Because

the ALJ properly rejected Waggener's symptom testimony, the ALJ's rejection of Dr. Miller's opinion based on that same testimony was proper.

In summary, Waggener fails to show that the ALJ erroneously rejected Dr. Miller's opinion.

## III.    Lay Witness Testimony

Waggener also argues that the ALJ improperly rejected testimony submitted by her friend, Michelle Fisher, grandmother, Fredda Donahue, and mother, Kim Waggener. Pl.'s Opening Br. 17.

### A.    Standards: Lay Testimony

The ALJ has a duty to consider lay witness testimony. 20 C.F.R. §§ 404.1513(d); 404.1545(a)(3); 416.913(d), 416.945(a)(3); *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2008). Friends and family members in a position to observe the claimant's symptoms and daily activities are competent to testify regarding the claimant's condition. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). The ALJ may not reject such testimony without comment and must give reasons germane to the witness for rejecting his testimony. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). Silent omission of lay testimony is harmless only when it is inconsequential to the ultimate determination of nondisability. *Stout v. Barnhart*, 454 F.3d 1050, 1055 (9th Cir. 2005).

### B.    Analysis

#### 1.    Michelle Fisher

Michelle Fisher submitted an undated letter to the record. Tr. 213. She stated that Waggener has been her best friend for nine years, and that they used to spend time together shopping and going out. *Id.* Fisher wrote that she "was able to get [Waggener] to get out for breakfast with me about a month ago. But it was difficult for her to be out of the house." *Id.* Fisher also stated that

Waggener prefers to stay at home because she is always in pain. *Id.*

The ALJ found Fisher's statement dependent upon the accuracy of Waggener's reports to Fisher, and consequently rejected it. Tr. 28. The ALJ may reject lay testimony predicated upon reports of a claimant properly found not credible. *Valentine v. Astrue*, 574 F.3d 685, 694 (9th Cir. 2009). Fisher's brief statements did not describe additional observations beyond Waggener's reluctance to leave her house. This preference is based upon Waggener's reports to Fisher. The ALJ properly rejected Waggener's testimony, as discussed above, and the ALJ's rejection of Fisher's statement based, in part, on that same information is proper.

### 2.    Fredda Donahue

Waggener's grandmother, Fredda Donahue, submitted a letter to the record on November 15, 2009. Tr. 214. Donahue stated that it takes Waggener effort to fix meals, and that she has witnessed Waggener "repeatedly curled into a ball sobbing" due to pain. Tr. 214. Donahue subsequently described Donahue's own colitis symptoms, rather than Waggener's symptoms. Tr. 214.

The ALJ also rejected this statement because it was based upon Waggener's reports. Tr. 28. Donahue's statement offers little information about Waggener's symptoms during the period under review. Donahue's statements that describe her observations of Waggener's reports of pain and weakness are again similar to Waggener's symptom testimony, which the ALJ rejected. In such circumstances the ALJ may reject the lay testimony, *Valentine*, 574 F.3d 694, and this reasoning should be affirmed.

### 3.    Kim Waggener

Waggener's mother, Kim Waggener submitted a "third party report" to the record on April

14, 2008. Tr. 148-55. She wrote that Waggener lays in bed most of the time, but cares for her husband, children, and animals. Tr. 149. Waggener has difficulty sleeping because she has stomach pain or must use the restroom. Tr. 149. Waggener usually prepares herself soup, but may prepare sandwiches when she is feeling better. Tr. 150. She also performs light housework, laundry, and household repairs (Tr. 150), but "her stomach hurts too often to be able to do much." Tr. 151. Waggener's hobbies include crafts and crochet, playing board games, going on drives and to the lake, hanging out with friends, and barbequing. Tr. 152. Waggener does not leave the house much. Tr. 152-53. Kim Waggener endorsed limitations in Waggener's ability to lift, squat, bend, stand, walk, sit, kneel, talk, climb stairs, complete tasks, and concentrate. Tr. 153. These limitations stem from Waggener's ulcerative colitis, and Waggener does not want to talk when in pain. *Id.* Waggener can walk a "few feet" and then must rest "anywhere from five minutes to a couple days." Tr. 153. However, Waggener can pay attention "as long as needed," and follows instructions "very well." *Id.* Finally, Kim Waggener wrote that Waggener's illness is triggered by stress, and "changes in her routine generally cause stress." Tr. 154.

The ALJ found this testimony not "particularly reliable as [Kim Waggener's] statements are also not consistent with the objective medical evidence." Tr. 28. The ALJ may reject lay testimony that directly conflicts, or is inconsistent with, the medical evidence. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ may not, however, reject lay testimony merely because it is unsupported by the medical evidence. *Bruce*, 557 F.3d at 1116. No medical evidence in the record before this court endorses exertional limitations consistent with Kim Waggener's testimony. The ALJ's conclusion that Kim Waggener's testimony is inconsistent with the medical evidence is based

upon the record and therefore appropriate.

## CONCLUSION

In conclusion, Waggener fails to show that the ALJ improperly evaluated her testimony, Dr. Miller's opinion, and the lay testimony. The ALJ's decision is based upon the record and the correct legal standards should therefore be AFFIRMED and a final judgment should be prepared.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 20th day of January, 2012.

Paul Papak
United States Magistrate Judge

15 - FINDINGS AND RECOMMENDATION